IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02467-PAB-NYW

LARRY C. MILLER,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, Executive Director,
MAJOR PHILER, Fremont Correctional Facility, and
LT. COURTNEY, Fremont Correctional Facility,

     Defendants.

_____

## ORDER TO SHOW CAUSE
_____

     The Court takes up the issue of jurisdiction sua sponte on Plaintiff's Answer to

Magistrate Judge's Findings [Docket No. 25] ("plaintiff's objection").

     Plaintiff, a state prisoner, filed a complaint that "seeks only injunctive relief"

under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et

seq., based on the defendants preventing him from attending religious services while

incarcerated at the Fremont Correctional Facility. Docket No. 1 at 3. Plaintiff brings his

claims in his own right and not on behalf of similarly situated persons. *Id*. at 2, 4-5. In

plaintiff's objection, he states that he is "awaiting a move back to Pueblo County Jail"

since his "conviction has been overturned and [his] sentence vacated." Docket No. 25

at 1 (capitalization altered). The clerk's office sent a file-stamped copy of plaintiff's

objection to plaintiff, but it was returned as undeliverable with a notation, "NOT AT

FCF." Docket No. 26.

The federal courts are courts of limited jurisdiction that only have subject matter jurisdiction over live cases and controversies. *Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009). If there is no case or controversy, the Court lacks subject matter jurisdiction to hear a plaintiff's claims. In order to establish standing to bring a claim such that the Court has jurisdiction to hear it, the plaintiff must show (1) an injury in fact; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood that the injury will be redressed by a favorable court decision. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001). The Court must "decline to exercise jurisdiction where the award of any requested relief would be moot–i.e., where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)), *superseded by statute on other grounds as stated in Walker v. UPS*, 240 F.3d 1268, 1278 (10th Cir. 2001). In light of plaintiff's apparent transfer to another facility, his claims in this case may be moot.

Accordingly it is

**ORDERED** that, within ten days of the date of this order, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction. Any response by plaintiff shall include (1) if and where he is currently incarcerated; (2) the status of any criminal proceedings against him; and (3) his current mailing address. It is further

**ORDERED** that, within seven days of any response by plaintiff, defendants shall file a reply.

DATED April 27, 2017.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge